LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
MARINO BARRERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO BARRERA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC, a South Carolina limited liability company; COASTLINE RECOVERY SERVICES, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-9900<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND CONVERSION**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Marino Barrera complains against defendants American Credit Acceptance, LLC ("ACA"), Coastline Recovery Services, Inc. ("CRS") and Does 1 through 10, inclusive, as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

1

COMPLAINT

2.    Venue is proper in the Central District because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

**PARTIES**

3.    Plaintiff is a natural person residing in Los Angeles County, California.

4.    Defendant ACA is an Ohio corporation with its principal place of business in Cincinnati, Ohio. ACA is an automobile finance company which does regular and continuous business in California.

5.    Defendant CRS is a California corporation with its principal place of business in Gardena, California. CRS is a "repossession agency", as defined in California Business and Professions Code § 7500.2.

6.    Plaintiff does not know the true names, identities, and capacities of the Doe defendants sued herein, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

**OPERATIVE FACTS**

7.    On or about August 4, 2020, defendant CRS, acting pursuant to a repossession order issued by defendant ACA, wrongfully repossessed plaintiff's 2010 Mercedes GLK from his residence in Los Angeles County, California.

8.    The repossession was wrongful because, at all times relevant, no defendant had a valid lien or security interest in plaintiff's vehicle, or a right to possession of plaintiff's vehicle. At all times relevant, plaintiff was the sole owner of the vehicle, which he owned free and clear of any liens.

9.    Defendants wrongfully retained possession of the vehicle until September 1, 2020, when it finally was returned to plaintiff.

10.    Plaintiff has suffered injuries and damages as a direct and proximate result of defendants' wrongful repossession and retention of his vehicle, including lost use of the vehicle, damage to the vehicle while it was in defendants' possession,

reduction in value to the vehicle and emotional distress, all in amounts which are subject to proof.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**(Against CRS and the Doe Defendants)**

11. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

12. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

13. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt".

14. Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5) in that defendants sought to enforce a security interest related to an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal,

family, or household purposes.

16. Defendants violated the provisions of 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

17. As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

18. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

19. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

20. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against ACA and the Doe Defendants)

21. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

22. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

23. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer

debt" within the meaning of Civil Code § 1788.2(f) – i.e., money, property or their equivalent which was alleged to be due and owing to ACA, by reason of a transaction between a natural person and another person in which property, services or money was acquired on credit by that natural person from such other person primarily for personal, family, or household purposes.

24. At all times relevant, defendants were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

25. Defendants violated the provisions of Civil Code § 1788.10(a) by using, or threatening to use, any criminal means to cause harm to the person, or the reputation, or the property of any person. Defendants committed grand theft in violation of Penal Code § 487.

26. Civil Code § 1788.17 provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

27. Defendants violated the provisions of 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. By violating the provisions of § 1692d, Defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

28. Defendants violated the provisions of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. By violating the provisions of § 1692f, Defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

29. Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, as alleged herein. By violating the provisions of § 1692f(6), defendants violated the Rosenthal Act, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

30. As a direct and proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

31. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

32. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

33. Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF – CONVERSION
### (Against All Defendants)

34. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

35. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing the vehicle without any present right to do so, and then retaining possession of the vehicle for nearly one month without any right to do so.

36. Plaintiff has suffered damages as a direct and proximate result of defendants' conversion of his property in amounts that are subject to proof.

37. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest;
5. For an award of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Respectfully submitted,

Dated: October 28, 2020

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By: /s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
MARINO BARRERA